UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
DEC 09 1999
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

DAVID A. TURK, )
    Plaintiff, )
v. )
                        ) CV 99-BU-2426-S
OCEANMARK FINANCIAL )
CORPORATION; KIMBRA )
COMPANY, )
    Defendants. )

ENTERED
DEC 09 1999

## Findings and Conclusions

In this action, Plaintiff David A. Turk claims that Defendant Oceanmark Financial Corporation ("Oceanmark") is liable for violating the Real Estate Settlement Procedures Act of 1974 ("RESPA"), as amended, 12 U.S.C. § 2601, et seq., by allegedly paying kickbacks and/or referral fees to Defendant Kimbra Company ("Kimbra") in connection with Turk's federally-related mortgage. Turk also claims that Kimbra is liable for violating § 5-19-4(g), Ala. Code 1975, part of Alabama's "Mini-Code," for allegedly charging Turk "points" in excess of five percent of the loan principal in connection with his mortgage. This cause coming to be heard on Turk's written application, supported by certificate, for judgment by default in his favor and against Defendant Oceanmark pursuant to Federal Rule of Civil Procedure 55 (Doc. No. 7), the Court makes the following findings and conclusions:

    1.    The Court finds that it has subject matter jurisdiction over Turk's RESPA claim against Oceanmark pursuant to 12 U.S.C. § 2614 and 28 U.S.C. § 1331.

    2.    Turk served Oceanmark with a copy of the summons and the complaint on

       September 15, 1999, by certified mail, in accordance Rules 4(c)(6) and 4.1(c) of the Alabama Rules of Civil Procedure, which constitutes valid service of process in this Court pursuant to Rules 4(e)(1) and 4(h)(1) of the Federal Rules of Civil Procedure. Oceanmark has failed to appear or otherwise defend.

3. Defendant is not an infant or incompetent person, nor is it an individual in the military service of the United States since the filing of this suit nor for a period of six months prior to such filing.

4. The Clerk of this Court entered an Entry of Default against Oceanmark on November 19, 1999.

5. Oceanmark is indebted to plaintiff in the principal sum of $3,652.75 (which includes three times the amount of the $1,053 "Par plus premium" charged to Plaintiff, see 12 U.S.C. § 2607(d)(2), plus $493.75 in attorneys fees, see 12 U.S.C. § 2607(d)(5)) court costs, and future costs and interest in effect from date judgment is entered. A judgment will enter accordingly.

DONE and ORDERED, this _8th_ day of December, 1999.

                                                                                   _____
                                                                                   H. DEAN BUTTRAM, JR.
                                                                                   UNITED STATES DISTRICT JUDGE